IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SAVAGE SERVICES CORPORATION,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-237**       (W. Va. Office Tax Appeals Docket No. 22-0005)

**MATTHEW IRBY, in his official capacity**
**as State Tax Commissioner of West Virginia,**
**Respondent Below, Respondent**

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Savage Services Corporation ("Savage") appeals the West Virginia Office of Tax Appeals' ("OTA") May 21, 2024, final decision affirming the Tax Commissioner's refund denials. Savage requested and was denied refunds for fuel consumed "off-highway" in West Virginia. Respondent Matthew Irby, in his official capacity as State Tax Commissioner of West Virginia filed a response.[1] Savage filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for the OTA to issue a judgment order consistent with this decision.

Savage operates a trucking business in 49 states, including West Virginia and Maryland, with a base jurisdiction in Utah. Savage purchases all fuel for its trucks relevant to this case in Maryland. Savage's trucks pick up raw coal, transport the coal to a processing plant in Maryland, and then transport the processed coal to a power plant in Mount Storm, West Virginia. This truck route is repeated daily and the trucks travel on highways in Maryland and West Virginia. Savage's trucks also travel off-highway in West Virginia. Savage filed for, but was denied, refunds for motor fuel purchased in Maryland that was consumed during the off-road portions of its truck routes in West Virginia. Savage had filed for, and received, refunds for off-highway West Virginia miles from the Tax Commissioner for several years prior. After several upgrades to its computer system and

---

[1] Savage Services is represented by Robert L. Massie, Esq., Anna J. Williams, Esq., and Peter A. Lowy, Esq. The Tax Commissioner is represented by John B. McCuskey, Esq., Attorney General, and Seth E. Harper, Esq.

additional employee training, the Tax Commissioner found that the refunds made to Savage in previous years were made in error. On November 12, 2021, and November 15, 2021, the Tax Commissioner issued nine notices of refund claim denials to Savage. The refund denials stated that Savage did not qualify for refunds based on the off-highway use exemption because the fuel tax was paid in Maryland and reported in an International Fuel Tax Agreement ("IFTA") return in Utah. These nine refund claim denial notices stated this same reason in each letter. Savage timely filed its petition for refunds with the OTA on January 10, 2022. Subsequently, hearings were held on August 31, 2023, and October 26, 2023.[2] The OTA ultimately determined that Savage was not entitled to the refunds, finding and concluding in the final decision:

> 4. West Virginia Motor Fuel Excise Tax paid on fuel that is consumed on non-highways or off-road is refundable. *See* W.Va. Code Ann. § 11-14C-9(c)(15) (West 2020).
>
> 5. To receive a refund for off-road use, the taxpayer shall first pay the West Virginia Motor Fuel Excise Tax. *See* W.Va. Code Ann. § 11-14C-9(c) (West 2020).
>
> 6. The West Virginia IFTA statute does contain an exemption for off-road use. *See* W. Va. Code Ann. § 11-14B-1 et. seq. (West).
>
> Savage appeals the OTA's May 21, 2024, final decision.

The West Virginia Administrative Procedures Act governs the standard of review in administrative appeals, including appeals from final decisions of the Office of Tax Appeals:

> (g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

---

[2] Because each refund request was denied for the same reason and for purposes of judicial economy, the parties agreed to use one tax period, September 30, 2021, at the hearings to represent all tax periods at issue.

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021). Further, regarding reviews of OTA decisions, the Supreme Court of Appeals of West Virginia states:

> Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law de novo. Syllabus Point 1, *Griffith v. ConAgra Brands, Inc.*, 229 W. Va. 190, 728 S.E.2d 74 (2012).

Syl. Pt. 1, *Antero Res. Corp. v. Steager*, 244 W. Va. 81, 851 S.E.2d 527 (2020).

Savage asserts three assignments of error: (1) the OTA erred in concluding that Savage did not first pay the taxes it was required to pay before claiming the off-highway exemption refund; (2) the OTA erred in construing that the off-highway use exemption in West Virginia Code § 11-14C-9(c)(15) is inapplicable to motor fuel taxes that are administered in accordance with IFTA; and (3) the OTA erred in denying Savage's refund for motor fuel taxes paid on fuel used off-highway in West Virginia.

In its first assignment of error, Savage asserts that the OTA erred in concluding that Savage did not first pay the taxes it was required to pay before claiming the off-highway exemption refund. Savage argues that it is entitled to claim the refund because it did in fact pay the taxes levied through the IFTA payment mechanism. We agree.

To obtain a refund of overpaid motor fuel taxes due to an exemption: "A person having a right or claim to any of the . . . exemptions from the flat rate component of the tax levied by section five of this article shall first pay the tax levied by this article and then apply to the Tax Commissioner for a refund." W. Va. Code §11-14C-9 (2020). Based on our review of the record, we find that Savage's home IFTA state, Utah, transferred to the Tax Commissioner an amount of motor fuel tax paid by Savage based on Savage's West Virginia miles, including its off-highway miles. Through the IFTA payment mechanism, Savage paid the full flat rate component ($0.357) per gallon of motor fuel tax on all miles driven in West Virginia, both on-road and off-road. We find that the statutory requirement for Savage to first pay the tax levied was satisfied by the payments Savage made via the IFTA payment mechanism.

In its second assignment of error, Savage asserts that the OTA erred in concluding that the off-highway use exemption in West Virginia Code § 11-14C-9(c)(15) is inapplicable to motor fuel taxes that are administered in accordance with IFTA. We agree.

3

West Virginia exempts from the flat rate portion of the motor fuel tax: "All gallons of motor fuel purchased in quantities of 25 gallons or more for use as a motor fuel for internal combustion engines not operated upon highways of this state." W. Va. Code § 11-14C-9(c)(15) (2020). The OTA found that West Virginia Code §§ 11-14C-1 to 11-14C-48 imposes an IFTA tax that is separate from other motor fuel tax sections, and that applying the W. Va. Code § 11-14C-9(c)(15) off-highway use exemption would impermissibly "entangle" the IFTA tax with exemptions applicable to non-IFTA taxes. The OTA adds: "To avoid confusion, there is an off-road exemption under the West Virginia Motor Fuel Excise Tax . . . but not an exemption for off-road use under the West Virginia IFTA statute." According to the OTA's conclusions, the purported IFTA tax in West Virginia Code §§ 11-14B-1 to 11-14B-17 does not contain any exemptions and thus no exemptions apply.

We find that West Virginia Code §§ 11-14B-1 to 11-14B-17 is a mechanism to collect and distribute the West Virginia motor fuel taxes imposed under other articles of the Code. Because the Article 14C tax is embedded in the amount remitted by Savage through IFTA (and ultimately received by the Tax Commissioner), the flat rate component of the tax in Article 14C has effectively been paid by Savage.

Because we find that the relevant taxes were first paid through the IFTA payment mechanism, Savage may, under the proper circumstances, be eligible to claim a refund for off-highway miles pursuant to West Virginia Code § 11-14C-9(c)(15).[3] The off-highway exemption provides that a refundable exemption exists for non-highway or off-road use for "[a]ll gallons of motor fuel purchased in quantities of 25 gallons or more for use as a motor fuel for internal combustion engines not operated upon highways of this state." W. Va. Code § 11-14C-9(c)(15) (2020). The Tax Commissioner contends that this exemption does not apply to vehicles that are designed to be legally operated on the highways of West Virginia. Rather, the Tax Commissioner asserts that the exemption applies only to those vehicles that are designed to travel exclusively off the highways of West Virginia, such as tractors, farming equipment, and the like. Whether the off-highway exemption applies to fuel consumed by Savage's trucks is central to determining if Savage is entitled to refunds. The application of West Virginia Code § 11-14C-9(c)(15) to Savage's trucks was discussed at the second evidentiary hearing below but was not addressed in the OTA's final decision.

For the foregoing reasons, we reverse the OTA's May 21, 2024, final decision and remand to the OTA to make findings and conclusions regarding whether the off-highway exemption applies to Savage's vehicles and further to enter an order consistent with this decision.

---

[3] This reading of the statutes avoids implicating dormant commerce clause concerns that arise from the OTA's ruling. *See* U. S. Const., art. 1, § 8.

Reversed and Remanded.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White